In the Matter of K.P.S.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-228-CV

IN THE MATTER OF 

K.P.S. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant K.P.S., a juvenile, appeals from the adjudication and disposition of his delinquency proceeding.  In five issues, appellant argues that (1) during final arguments at the disposition hearing, the trial judge improperly solicited, procured, and considered information that came from nonwitnesses and thereby violated his constitutional right to due process, which constituted fundamental, structural error, (2) after appellant had closed and while he was presenting his final arguments on disposition, the trial judge improperly solicited, procured, and considered highly prejudicial additional information, which violated appellant’s constitutional right to due process because appellant was no longer able to present a case in rebuttal, which constituted fundamental, structural error, (3) during final arguments at the disposition hearing, the trial judge improperly assumed the role of prosecutor by developing the case beyond that which the prosecutor himself had seen fit to develop and thereby violated appellant’s right to an impartial judge and constitutional right to due process, which constituted fundamental structural error, (4) the trial judge improperly questioned appellant and thereby violated his Fifth Amendment right not to have to testify against himself, which constituted fundamental, structural error, and (5) the evidence was factually insufficient to support the finding that appellant committed arson.  We affirm.

II. Background Facts  

Appellant was charged with one count of arson and one count of forgery.  See 
Tex. Penal Code Ann.
 § 28.02 (Vernon 2003), ྷ 32.21 (Vernon Supp. 2004-05).  Appellant waived his right to a jury trial and stipulated to the forgery count.  After an adjudication and disposition hearing, the trial court adjudicated appellant delinquent on both counts and ordered that appellant be committed to the Texas Youth Commission for an indeterminate period not to exceed his twenty-first birthday. 

III. Trial Court’s Conduct

In his first four issues, appellant complains that the trial court violated his right to due process and his Fifth Amendment right not to testify against himself by soliciting and considering information relating to an infraction that appellant had allegedly committed while he was in detention.  During appellant’s disposition hearing, appellant’s counsel contended during his closing argument that appellant has been on “Level One” and has not committed any infractions while he has been in detention.  The following exchange then occurred between the trial court and appellant:

THE COURT:  Actually, I think he had a problem last night, is that right?

[APPELLANT]:  Huh-uh.

THE COURT:  You’re not on Level Two Unacceptable?

[APPELLANT]:  No ma’am.

THE COURT: That’s not what my report dated today indicates.

[APPELLANT]: No, ma’am, the guy told me, he read us our levels, and he told me I was on Level One, still Outstanding.

THE COURT:  When did he say that?

[APPELLANT]:  This morning.

THE COURT:  So there wasn’t a problem with you getting a major infraction for talking at the table last night?

[APPELLANT]:  No ma’am.

THE COURT:  Mr. Sumpter, can you check on that?

PROBATION OFFICER SUMPTER:  Yes, Your Honor, I’ll check on that.

Appellant’s counsel completed his closing argument, and then the following occurred: 

THE COURT:  Thank You.  Ms. Kelleher, did you find out anything?

PROBATION OFFICER KELLEHER:  Your Honor, I spoke with the Detention Supervisor, Greg Frick, and your report is correct. 

THE COURT:  All right.  All right.  So are you saying nothing happened last night?  Are you still saying that?

[APPELLANT]:  They didn’t tell me anything.

THE COURT:  Well, you’re the one that would have gotten in trouble.  Did you get into any trouble last night?

[APPELLANT]: No, ma’am, I thought I sat by myself last night when I was eating.

THE COURT:  You can’t remember?

[APPELLANT]:  No, ma’am. 

Appellant did not object during either exchange.   

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  “Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).”  
Mendez
, 138 S.W.3d at 342.

Appellant argues that the trial court committed fundamental error when it improperly solicited and considered information relating to the alleged infraction.  As support for his argument, appellant relies primarily on 
Blue v. State
, 41 S.W.3d 129 (Tex. Crim. App. 2000).  In 
Blue
, the trial judge apologized to a group of prospective jurors during the jury selection process, telling them that he would have preferred that the defendant plead guilty rather than go to trial.  
Id
. at 130.  The court of criminal appeals held that the comments “tainted appellant’s presumption of innocence in front of the venire, were fundamental error of constitutional dimension and required no objection.”  
Id
. at 132. 

The present case differs significantly from 
Blue.  
The trial court’s actions did not taint appellant’s presumption of innocence.  At the time the trial court questioned appellant, it had already adjudicated appellant delinquent.  Further, while the trial court in 
Blue
 directed its comments at prospective jurors, appellant waived his right to a jury trial, and therefore there were no jurors to be affected by the trial court’s conduct.  Thus, unlike 
Blue
, the trial court’s conduct did not taint the presumption of appellant’s innocence or vitiate the jury’s impartiality.  Finally, we agree with Justice Keasler, who wrote that 
Blu
e was “highly
 unique and litigants should not view [its] holding as an invitation to appeal without making proper timely objections.”  
Id
. at 139 (Keasler, J., concurring).  Accordingly, the trial court’s actions did not constitute fundamental error, and appellant had to object in order to preserve error for appeal.    We overrule appellant’s first four issues. 

IV. Factual Sufficiency

In his fifth issue, appellant argues that the evidence was factually insufficient to support the finding that he committed arson.  
In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).    

Janet Reid lived in the Waterford On The Green apartments in North Richland Hills.  She testified that on January 20, 2004, she opened the door to her apartment and noticed a young man smoking a cigarette and standing on the balcony of an upstairs apartment in the apartment building next to hers.  She closed her door.  Several minutes later, she again opened her door when she heard a man outside knocking on apartment doors and telling people that there was a fire.  She saw that the balcony where she had seen the young man standing was on fire. 

J.F., who is twelve-years-old, testified that on January 20, he was talking to group of kids in the park area of the apartment complex where he lived.  J.F. lived in the Diamond Loch Apartments, which were two apartment complexes down from the Waterford On The Green apartments, where appellant was visiting his grandparents.  J.F. testified that appellant told him that he was scared to go back to his apartments because he had started a fire. 

A.H., who is fifteen-years-old, was standing and talking with appellant, J.F., and some other kids in the park area.  She testified that appellant told her he started the fire by rolling Kleenex or some type of paper into a ball, lighting it, and throwing it into the storage closet of his grandparents’ apartment. 

Cary King, a fire investigator, testified that he spoke to N.J., who told him that appellant said that he had started the fire using a paper towel.  King testified that the origin of the fire was most likely inside or near the storage closet on the balcony of the apartment where appellant’s grandparents lived and that the evidence indicated that the fire did not start in the electrical box, which was inside the storage closet.
  King also testified that the evidence was consistent with someone setting paper on fire and tossing it onto the boxes in the storage closet and that no accelerant, such as gasoline or kerosene, was used.

On cross-examination, King testified that he could not eliminate the possibility that the fire had started in the neighboring apartment’s storage closet, which shared a wall with appellant’s  grandparents’ storage closet.  King also testified that the juvenile witnesses he interviewed were initially hesitant to give him information.  He said that the witnesses were “not voluntary at all” and that “[w]e had to find them.”  King testified that he told the witnesses that they could get into trouble if they withheld information. 

Eddie Colwell is appellant’s grandmother.  She testified that on the day of the fire she was inside her apartment watching appellant as he sat on her patio smoking a cigarette and talking to his girlfriend on the telephone.  She testified that appellant never got out of the chair he was sitting in and that she watched him during the entire ten or fifteen minutes he was on her patio.  According to Colwell, after appellant came inside, she noticed flames coming from under the storage room door. 

The elements of arson are (1) starting a fire or causing an explosion, (2) with intent to destroy or damage a habitation, and (3) knowing that it is within the limits of an incorporated city or town, knowing that it is located on  property belonging to another, knowing that it has located within it property belonging to another, or being reckless about whether the burning or explosion would endanger the life of some individual.  
See
 
Tex. Penal Code Ann.
 § 28.02. 

As the fact finder, the trial court could choose whether to believe all, some, or none of the testimony presented.  
See Chambers v. State
, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); 
Darby v. State
, 145 S.W.3d 714, 721 (Tex. App.སྭFort Worth 2004, pet. struck).  Considering all the evidence in a neutral light, we hold that, if the trial court believed the testimony of the juvenile witnesses and the fire investigator and did not believe the testimony of appellant’s grandmother, it could have rationally found beyond a reasonable doubt that appellant committed arson.  We overrule appellant’s fifth issue.  

V. Conclusion

Having overruled appellant’s five issues, we affirm the trial court’s judgment.  

 

PER CURIAM

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  April 28, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.